Submitted on record and briefs August 26, affirmed December 7, 1981

# STATE OF OREGON,
*Respondent,*

*v.*

# CHRISTY LEE WARDRIP,
*Appellant.*

## (No. 80-6692-C, CA A20696)

637 P2d 219

Lee S. Werdell, Medford, filed the brief for appellant.

Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and James C. Rhodes, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals his conviction in a trial to the court for driving under the influence of intoxicants, ORS 487.540, contending the trial court erred in refusing to hear the testimony of a polygraph operator and in permitting the state to offer evidence that he refused a breath test. We affirm.

Defendant and the prosecutor agreed defendant would take a polygraph test prior to trial on the issue of whether he was driving. The written agreement, signed by the prosecutor, defendant and defense counsel, provided in part:

"* * * [T]he opinion of the examiner and his written report thereof concerning the truth and veracity, or lack thereof, of the defendant as to any and all issues involved in the litigation of the above-captioned matter, is admissible and may be received into evidence either on behalf of the People or the defense in any and all proceedings including, but not limited to, the trial of and related proceedings in the above-captioned matter."

A second document, signed by defendant and defense counsel, but not by the prosecutor, stated:

"I do hereby authorize [polygraph operator] to disclose both orally and in writing the examination results and opinions to * * * District Court by Stipulation."

Defendant took the polygraph test; however, the examiner concluded that the results were inconclusive and that he would be unable to testify concerning any "results" or about defendant's truth and veracity. Defendant contends the test results, albeit inconclusive, as well as the testimony of the examiner, were nonetheless admissible under the agreement. The agreement is silent on the rights of the parties in the event the results of the examination were inconclusive. The state contends inconclusive results are no results at all and that the trial court's finding that there was no opinion of the examiner to be considered by the court was correct. The state also contends that, because the case was tried to the court without a jury, a statement by the trial court that the proffered testimony is of no force and is speculative is not just a ruling of law, but also a finding by the trier of fact that, even if the evidence had been admitted, it would have been given no weight. This, the state argues, leads to the conclusion

that the admission of the testimony could not have changed the outcome of the trial and that, therefore, any error was harmless.

■ In *State v. Sheehan*, 42 Or App 607, 614, 600 P2d 971 (1979), we said that a defendant who waives his right to remain silent under specific conditions is entitled to have those conditions scrupulously adhered to. However, in *Sheehan* the agreement provided:

> "* * * [I]f the results of the polygraph are inconclusive, neither side will mention the polygraph examination during trial." 42 Or App at 609.

Thus, *Sheehan* is not dispositive, because this agreement contained no such language relating to the issue presented here where the witness had no opinion to give on the issue on which he was being called by the defendant to testify. He drew no conclusions concerning the veracity of the defendant. The trial court found his testimony would not tend to prove or disprove any material fact and that it was speculative. We agree.

During the trial the state called Officer Scholten, who testified that he had observed defendant's vehicle pull into a weigh station and that, when he approached the vehicle, defendant was alone in the driver's seat. Scholten further testified he offered defendant an intoxilyzer test and that defendant refused the test. Defendant objected to admission of this evidence on the ground that no foundation had been laid showing the test offered was a "chemical test." ORS 487.805.[1] The trial court overruled this objection.

ORS 487.805(1) provides that, under appropriate circumstances, drivers shall be offered a "chemical test" to determine the alcohol content of their blood. Refusal to

---

[1] ORS 487.805(1) provides:

"Any person who operates a motor vehicle upon the highways of this state shall be deemed to have given consent, subject to ORS 487.805 to 487.835, to a chemical test of the person's breath for the purpose of determining the alcoholic content of the person's blood if the person is arrested for driving a motor vehicle while under the influence of intoxicants in violation of ORS 487.540 or of a municipal ordinance. A test shall be administered upon the request of a police officer having reasonable grounds to believe the person arrested to have been driving while under the influence of intoxicants in violation of ORS 487.540 or of a municipal ordinance."

take an offered test is admissible in evidence. ORS 487.805(4).[2] The facts in this case demonstrate only that defendant was offered an intoxilyzer test. No specific evidence was produced by the state to show whether the intoxilyzer test was a "chemical test" within the meaning of ORS 487.805.

█    Officer Scholten testified defendant was asked to blow into an intoxilyzer machine, and he gave the serial number of that machine. The court, as finder of fact, could have reasonably inferred from this testimony that the test offered was a chemical test within the meaning of ORS 487.805 and the applicable regulations. Defendant testified. He did not contend at trial, nor does he now, that the test offered was *not* a chemical test. Reviewing the evidence in the light most favorable to the state, *State v. Phillips,* 245 Or 466, 468, 422 P2d 670 (1967), we conclude that the trial court committed no error in overruling defendant's objection.

Affirmed.

---

[2] ORS 487.805(4) provides:

"If a person under arrest refuses to submit to a chemical test under subsection (2) of this section or refuses to consent to chemical tests as under ORS 487.835, evidence of the person's refusal is admissible in any civil or criminal action, suit or proceeding arising out of acts alleged to have been committed while the person was driving a motor vehicle on the highways while under the influence of intoxicants."